**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUIDO "GUY" BINI, an individual citizen, | No.   17-35501 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05460-BHS |
| v. | |
| CITY OF VANCOUVER, a municipal corporation, and SANDRA ALDRIDGE, in her individual capacity and her official capacity as police officer for City of Vancouver, | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| GUIDO "GUY" BINI, an individual citizen, | No.   17-35517 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-05460-BHS |
| v. | |
| CITY OF VANCOUVER, a municipal corporation, and SANDRA ALDRIDGE, in her individual capacity and her official capacity as police officer for City of Vancouver, | |
| Defendants-Appellants. | |

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted December 3, 2018
Seattle, Washington

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Guido "Guy" Bini appeals from the district court's order dismissing his claims under 42 U.S.C. § 1983 against Officer Sandra Aldridge. Aldridge and the City of Vancouver have filed a cross-appeal challenging the district court's dismissal without prejudice of Bini's state-law claim, arguing that the claim should have been dismissed with prejudice. We affirm.

**1.** Aldridge is entitled to summary judgment on Bini's Fourth Amendment wrongful arrest claim because the undisputed facts at the time of his first arrest established probable cause to believe that he had committed misdemeanor cyberstalking. *See* Wash. Rev. Code § 9.61.260(1). The same facts established probable cause for his second arrest, and nothing that happened between the two arrests caused that probable cause to dissipate.

Bini argues that the cyberstalking statute is best read to require more than one communication to the same "third party." *Id.* But even if that reading were required, Aldridge had probable cause to believe that Bini sent more than one email to at least one of the recipients on his list, namely, Nathan Smith. Based on the disparaging content of the emails and the identity of the individuals to whom

they were sent, Aldridge also had probable cause to believe that Bini sent the emails with the intent to "harass" or "embarrass" Sheryl Smith. It does not matter that Washington's cyberstalking statute may be subject to constitutional challenge, since "[t]he enactment of a law forecloses speculation by enforcement officers concerning its constitutionality." *See Michigan v. DeFillippo*, 443 U.S. 31, 38 (1979). Finally, Aldridge had probable cause to believe that the emails were sent from Washington State, where Aldridge knew Bini lived. Wash. Rev. Code § 9.61.260(4).

**2.** Officer Aldridge is entitled to qualified immunity on Bini's First Amendment retaliatory arrest claim. At the time of Bini's arrests, it was not clearly established in this circuit that an arrest supported by probable cause, but made in retaliation for protected speech, violated the Constitution. It is true that we held in *Ford v. City of Yakima*, 706 F.3d 1188 (9th Cir. 2013) (per curiam)— more than a year before Bini's first arrest in 2014—that such a right was clearly established in this circuit. *Id.* at 1196. But a month later we held that the same right had *not* been clearly established. *Acosta v. City of Costa Mesa*, 718 F.3d 800, 808, 825 (9th Cir. 2013) (per curiam).

These two holdings have resulted in some confusion about the state of the law in this circuit. *See, e.g.*, *Mihailovici v. Snyder*, No. 3:15-cv-01675, 2017 WL 1508180, at *7 (D. Or. Apr. 25, 2017) ("One can hardly argue that the question is

'beyond debate' when not even the Ninth Circuit has been able to settle on one position."); *Blatt v. Shove*, No. C11-1711, 2014 WL 4093797, at \*5 (W.D. Wash. Aug. 18, 2014). It appears self-evident that, if district courts in our circuit have had significant difficulty identifying the rule established by our cases, our precedent did not "place[] the . . . constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

**3.** On cross-appeal, Aldridge and the City of Vancouver challenge the district court's refusal to dismiss Bini's state-law claim, brought under Washington's Criminal Records Privacy Act, with prejudice. After dismissing the federal claims raised in this action, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the remaining state-law claim. *See Sinaloa Lake Owners Association v. City of Simi Valley*, 70 F.3d 1095, 1102 (9th Cir. 1995). That claim raises a difficult and unsettled issue of statutory interpretation under Washington law that is best resolved in state court.

The motion of the Washington State Association of Municipal Attorneys for leave to file an amicus brief (Docket No. 29) is **GRANTED**.

**AFFIRMED**.

*Bini v. City of Vancouver*, Nos. 17-35501, 17-35517

WATFORD, Circuit Judge, dissenting in part:

I would have refrained from deciding whether Bini's First Amendment retaliatory arrest claim can proceed until after the Supreme Court decides *Nieves v. Bartlett*, No. 17-1174 (argued Nov. 26, 2018). There the Court is expected to resolve whether the existence of probable cause to arrest precludes a claim alleging that the arrest was made in retaliation for the plaintiff's exercise of his right to free speech. If the Court holds in *Nieves* that the existence of probable cause precludes such a claim, we would of course affirm the district court's dismissal of Bini's retaliatory arrest claim, since, as we hold today, Officer Aldridge did have probable cause to arrest Bini for misdemeanor cyberstalking. But if the Supreme Court were to come out the other way, I think we would be compelled to reverse the district court's ruling. Bini has proffered sufficient evidence to require a jury to decide whether Officer Aldridge arrested him not because he committed misdemeanor cyberstalking, but instead in retaliation for his sharp criticism of Officer Aldridge's handling of a separate investigation.

The majority concludes that we need not wait for the Supreme Court's decision in *Nieves* because Officer Aldridge will be entitled to qualified immunity either way. I disagree. In 2014, when Officer Aldridge arrested Bini, the law in our circuit was clearly established in the respect relevant here: In 2013, we

squarely held that an officer may not arrest someone in retaliation for their protected speech, even if the arrest was otherwise supported by probable cause. *Ford v. City of Yakima*, 706 F.3d 1188, 1193 (9th Cir. 2013) (per curiam). The validity of that rule is precisely what the Supreme Court will likely decide in *Nieves*.

The district court held that, notwithstanding our holding in *Ford*, the law in our circuit remains unsettled because of our subsequent decision in *Acosta v. City of Costa Mesa*, 718 F.3d 800 (9th Cir. 2013) (per curiam). In that case we held that our precedent had not clearly established a right to be free from retaliatory arrest when an arrest is otherwise supported by probable cause. *Id.* at 825. But in *Acosta* we were determining the state of the law as it stood in 2006, when Acosta was arrested. *Id.* at 808. The decision has nothing to say about the state of the law in 2014, when Bini was arrested. By then, as noted, our decision in *Ford* had resolved whatever uncertainty remained in our circuit's case law. Thus, at the time she acted, Officer Aldridge had clear notice that she would be violating Bini's First Amendment rights if she arrested him in retaliation for his protected speech, even if there was probable cause to believe he had committed misdemeanor cyberstalking.

Since the outcome in *Nieves* will in my view determine whether Bini's retaliatory arrest claim can go forward, we should have held this case until *Nieves*

is decided.